## DAVID FREEMAN vs. C. C. DIBOLL.

### Syllabus.

1. Where the contract of a real estate broker stipulates unconditionally that he shall be entitled to a commission "when the property is sold" and the owner is prohibited by its terms from interfering in the matter and from selling or negotiating for the sale of the property, except through the broker, the contract confers an exclusive agency upon the broker.

2. Where the contract of a real estate broker confers upon him the exclusive agency to sell the property and negatives the right of the owner to sell or negotiate for its sale, the broker is entitled to his commission if, during the term of the contract, a sale is effected by the owner or by another broker on the latter's behalf.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 101,802. Hon. Porter Parker, Judge.

Merrick, Lewis, Gensler & Schwarz, for plaintiff and appellee.

L. R. Hoover, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff, a real estate broker, sues to recover the commission stipulated in his favor in a brokerage contract covering the sale of defendant's property.

The fact is conceded and in any event is established, that the sale of the property was actually effected during the term of the contract of employment, but defendant contends that this sale was consummated without plaintiff's intervention or assistance and that since he was not

the procuring cause thereof, he is not entitled to the commission.

If, however, as plaintiff urges, the procuration conferred upon him the exclusive right or agency to sell the property during its term, this defense cannot avail, since in that event plaintiff would be entitled to his commission, whether the sale was procured by himself, by the defendant or through another broker.

And an examination of the written contract, the essential provisions of which follow, satisfies us that such an exclusive agency was conferred:

> "I hereby appoint David Freeman my agent and authorize him to sell my property for the price, etc., ........ I agree not to interfere in the sale of the property during the term of this contract. I also agree to refer all applicants for the purchase of the property to my agent. .......... When this property is sold I agree to pay my agent a commission of 2%. .......... This contract can only be revoked by 20 days' written notice from either party to this agreement.''

It will thus be seen that there is no limitation placed upon the agent's authority, except as to the term of the agreement; and that on the other hand the owner is prohibited from interfering in the matter and from negotiating directly or indirectly for the sale of the property except through plaintiff, who is unconditionally assured his commission ''when this property is sold,'' and without his right to compensation being restricted solely to a sale procured through his own efforts.

The provisions of the contract are clear and unambiguous and parol testimony varying its terms was properly rejected. So also was the evidence offered to establish by

whose efforts the sale was consummated; for the agency of plaintiff, being exclusive, this evidence was immaterial.

The judgment below was for plaintiff and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, April 6th, 1914.

Rehearing refused, April 20th, 1914.

Writ denied, May 26th, 1914.